UNITED STATES DISTRICT COURT
Eastern District of Virginia
Alexandria Division

F I L E D

JAN 1 6 2014

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| GREGORIO ARGUETA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:14 CV 44 |
| | ) LO/TRJ |
| RR2, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

Serve:  Douglas Raj
3809 N 14th St
Arlington, Virginia 22201-0000

## COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff, GREGORIO ARGUETA, ("ARGUETA" or " plaintiff") by

counsel, and moves this Honorable Court for judgment against Defendant RR2, INC., doing

business as RedRocks Pizza Napoletana ("Red Rocks Pizza" or "Defendant"), based upon the

failure of Defendant to pay overtime compensation to Plaintiff in violation of § 7 of the Fair

Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA").  In support

thereof, Plaintiff state as follows:

### A. INTRODUCTION

1.      Plaintiff Argueta was employed by Defendant as a cook from July 14, 2012, to

July 14, 2013, at Defendant's restaurant located at 904 King Street, Alexandria, VA. Throughout

his employment by Defendant, Plaintiff worked an average of ten hours per week of overtime

(50 hours per week average), but he was never paid any overtime premium for any of his hours

worked over forty in any week.

2.      Defendant Red Rocks Pizza operates an enterprise with four locations (two in Washington DC and two in Virginia). Defendant paid Plaintiff a straight time hourly wage of $13.50. The hourly wage of $13.50 applied to all of Plaintiff's work, including any of his work over forty hours in workweeks. Defendant never paid Plaintiff an overtime premium for his hours worked over 40 in any workweek.

3.      Plaintiff brings this action on behalf of himself and all similarly situated individuals to recover damages from Defendant's willful failure to pay an overtime premium of 50% of his regular hourly wage, in violation of the FLSA 29 U.S. C. §201 *et seq.*

## B. JURISDICTION & VENUE

4.      RR2 is a business that regularly engages in commerce, and its employees handle and use goods, which have moved in interstate commerce.

5.      At all relevant times, RR2 has been and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

6.      Plaintiff is informed and believes and thereon alleges that RR2 is a Virginia corporation with its principal place of business in the City of Arlington, Virgina.

7.      At all relevant times, RR2 has been and continues to be, an "employer" within the meaning of the FLSA, 29 U.S.C. Section 203(d).

8.      Plaintiff is currently residing in City of Alexandria, Virginia.

9.      Plaintiff had been employed by Defendant at various times within the last 18 months.  At all relevant times, Plaintiff was an "employee" as that term is defined by FLSA, 29 U.S.C. § 203(e).

10.      This Court has jurisdiction to hear this action pursuant to FLSA, 29 U.S.C. § 216 (b), (c), which extends jurisdiction in FLSA cases to any state or federal court.

11.      Venue is proper because Defendant maintains its principal place of business in Fairfax County, Virginia.

## C. PARTIES

12.      Plaintiff resides in Alexandria, Virginia.

13.      Defendant RR2 is conducting business in Alexandria, Virginia.

14.      Plaintiff is informed and believes and thereon alleged that Defendant RR2 is a Virginia Corporation.

15.      At all relevant times, RR2 has been and continues to be an employer within the meaning of FLSA, 29 U.S.C. § 203 (e)

## D. STATEMENT OF FACTS

16      Defendant was aware that Plaintiff was working overtime hours.

17.      At all relevant times, Plaintiff worked overtime hours in excess of forty (40) hours in a workweek, and Defendant willfully refused to compensate Plaintiff at his overtime rate of 50% of his regular  hourly rate, in violation of the FLSA

18.      The FLSA requires an employer to pay its employees at a rate of at least one and one-half their regular rate for time worked in excess of forty hours in one work week. This is commonly referred to as time-and-a-half pay for overtime work.

19.      Despite working overtime, Plaintiff was not paid time-and-a-half pay from Defendant for overtime worked.

3

## E. COLLECTIVE ACTION

20.     This action is maintainable as an "opt-in" collective action pursuant to FLSA, 29

U.S.C. § 216 (b).

21.     Defendant pays almost all their non-exempt, in-store employees similarly to how

Defendant paid Gregorio Argueta.

22.     Almost all of Defendant's non-exempt, in-store employees work significant

overtime.

23.     Defendant has a common policy of paying these employees straight time for all

hours worked, even for hours worked over 40 per week.

24.     On information and belief, there are other similarly situated non-exempt, in-store

employees who have been denied overtime compensation by this scheme over the last three

years.

## F. WILLFUL VIOLATION

25.     On information and belief, Defendant willfully, deliberately, and intentionally

refused to pay Plaintiff for overtime in the manner prescribed by FSLA

26.     Defendant led Plaintiff to believe that his regular pay was paid in conformity with

the FLSA.

27.     Defendant knew, or should have known, that Plaintiff was entitled to time-and-a-

half overtime pay under the FLSA, during all relevant times.

28.     Plaintiff is therefore owed compensation for time-and-a-half overtime wages from

Defendant, who willingly and knowingly withholds those wages.

### G. CAUSE OF ACTION
(Fair Labor Standards Act)

30.    The foregoing paragraphs are included herein as though fully set forth herein.

31.    During the period of time when Plaintiff was employed by Defendant, he performed overtime work for which he was compensated at his regular rate of pay, and he did not receive premium pay at the rate of one and one half times his regular rate of pay in violation of the FLSA, 29 U.S.C. § 203 (a) (1), (2).

### H. AD DAMNUM CLAUSE

32.    The foregoing paragraphs are included herein as though fully set forth herein.

33.    Plaintiff is entitled to unpaid overtime and liquidated damages as provided under the law and in FLSA, 29 U.S.C. § 216(b). Plaintiff's fair and reasonable estimate of his total overtime hours worked is 1,040 over a two year period. The overtime premium he should have been paid was $6.75 an hour, times 1,040 hours equals $7,020.00. Plaintiff is entitled to an equal amount as liquidated damages. Accordingly, Plaintiff is entitled to $14,040.00 as compensation for his unpaid overtime and as liquidated damages.

34.    Plaintiff is further entitled to an award of reasonable attorneys' fees, costs, and expenses in amounts to be determined at trial.

WHEREFORE, Plaintiff seeks judgment against Defendant and prays as follows:

35.    That this Court certify this action as a collective action pursuant to the FLSA, 29 U.S.C. § 216 (b).

36.    That the Court declare the rights and duties of the parties consistent with the relief sought by Plaintiff; That the Court issues a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the FLSA

37.     That the Defendant be enjoined from further violations of the FLSA;

38.     That Plaintiff recover unpaid wages, overtime, and liquidated damages as provided under the law and in FLSA, 29 U.S.C. § 216(b) and in amounts to be determined at trial

39.     That Plaintiff recovers an award of reasonable attorneys' fees, costs, and expenses;

40.     That  the Court order the Defendant to make whole Plaintiff and all similiarly-situated employees by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial, and other affirmative relief.

41.     That the Court awards to Plaintiff and other similarly situated such additional relief as the interests of justice may require.

42.     Plaintiff requests a trial by jury on all issues herein.


Respectfully Submitted,

GREGORIO ARGUETA

By Counsel

By: Thomas F. Hennessy, Esq., VASB #32850
Virginia Family and Employment Law Center
405 Chain Bridge Road, Suite G
Fairfax, VA  22030
TEL: (703) 865-5839
FAX: (703) 734-5849
*Counsel for Plaintiffs*\